OPINION
{¶ 1} Defendant-appellant Charles Turner appeals from a judgment of the Dayton Municipal Court, Civil Division, in favor of plaintiff-appellee Konrad Kuczak awarding Kuczak $7,500 as reasonable compensation for legal services rendered to Turner. Turner contends that the judgment of $7,500, as the value of legal services rendered to him by Kuczak, is against the manifest weight of the evidence. After reviewing the entire record, we conclude that the judgment in favor of Kuczak for $7,500, as reasonable compensation for legal services rendered to Turner, is not against the manifest weight of the evidence.
 {¶ 2} Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} In June, 1999, Attorney Konrad Kuczak agreed to represent Charles Turner in a criminal case filed in Miamisburg Municipal Court in which Turner was charged with criminal violations of the Miamisburg Municipal Code. Turner signed a written fee agreement agreeing to pay Kuczak a fixed fee of $750 for his representation through the trial or a plea, $500 of which was non-refundable. Turner paid $500 of the fixed fee. When Turner was convicted of the criminal violations in Miamisburg Municipal Court, Turner requested that Kuczak appeal his conviction to this court. Kuczak filed an appeal, and in February, 2000, Turner's conviction was reversed by this court inCity of Miamisburg v. Turner, Montgomery App. No. 17928, 2000 WL 145390.
 {¶ 4} Prior to our decision in February, 2000, Turner received two violation warnings from the City of Miamisburg. Turner received the first warning of a violation in July, 1999. Kuczak appealed this violation to the Miamisburg Board of Zoning Appeals (MBZA). After a hearing, the MBZA upheld the order, and Kuczak appealed the decision to the Montgomery County Court of Common Pleas.
 {¶ 5} In October, 1999, Turner received another nearly identical violation warning. Kuczak also appealed this violation to the MBZA. The Montgomery County Court of Common Pleas then reversed the MBZA and vacated the first violation warning. Kuczak testified that this had the effect of "killing" the second violation warning in the MBZA, because it was identical to the first violation warning.
 {¶ 6} Kuczak sent a number of invoices to Turner from August, 1999, to January, 2001, describing the work he conducted and the charges for the work he conducted. Turner failed to make payment on any of the invoices he received.
 {¶ 7} In March, 2001, Kuczak filed a complaint against Turner in Dayton Municipal Court, Civil Division, alleging that Turner failed to pay him $3,865.95 in fees for his legal services. Kuczak filed a motion for summary judgment. The municipal court granted summary judgment in favor of Kuczak, and Turner appealed the judgment to this court. We reversed the judgment of the municipal court, concluding that summary judgment was improper, because a genuine issue of material fact existed regarding whether Turner authorized Kuczak to represent him in any matter except the criminal trial. Kuczak v. Turner, Montgomery App. No. 19125, 2002-Ohio-1795, 2002 WL 538907, at *2-3. We then remanded the case for further proceedings. Id. at *3.
 {¶ 8} On remand, Kuczak was granted leave to file an amended complaint. In his amended complaint, Kuczak alleged that Turner agreed to pay him a $750 fixed fee for his representation in the criminal case in Miamisburg Municipal Court, and that Turner had paid him only $500 of that fixed fee. Kuczak further alleged that Turner was indebted to him in quantum meruit in the amount of $9,000 for receiving substantial value and the benefit of his legal services in the appeal of the criminal case, the appeal to the MBZA, the appeal to the Montgomery County Court of Common Pleas, and the additional appeal to the MBZA. This case proceeded to a bench trial. The trial court entered judgment in favor of Kuczak in the amount of $7,500 as reasonable compensation for legal services rendered to Turner. From this judgment, Turner appeals.
 II {¶ 9} Turner's sole assignment of error is as follows:
 {¶ 10} "The trial court erred, abused its discretion and made a finding against the manifest weight of the evidence in finding the value of legal services provided to the appellant by the appellee was worth $7,500.00."
 {¶ 11} Turner contends that the judgment of $7,500, as the value of legal services rendered to him by Kuczak, is against the manifest weight of the evidence.
 {¶ 12} In determining whether a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice" that there must be a reversal of the judgment and an order for a new trial. Pryor v. Tooson, Clark App. No. 2002-CA-91, 2003-Ohio-2402, at ¶ 29, citations omitted. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578, citations omitted. It is undisputed that there was a written fee agreement between Kuczak and Turner, wherein Turner agreed to pay Kuczak a $750 fixed fee for his representation through the trial or a plea in the criminal case in Miamisburg Municipal Court. It is further undisputed that there is no written fee agreement between Kuczak and Turner regarding the four appeals: the appeal of the criminal case to this court; the appeal to the MBZA regarding the first violation warning; the appeal to the Montgomery County Court of Common Pleas regarding the first violation warning; and the appeal to the MBZA regarding the second violation warning.
 {¶ 13} "In the absence of a fee agreement, an attorney is entitled to recover the reasonable value of services rendered on the basis of quantum meruit. The appropriate measure of quantum meruit damages is the reasonable value of the material and services that accrued to the actual benefit of the other party, less any damages suffered by the other party." Saker FamilyTrust v. Elio Intern., Inc., Franklin App. No. 99AP-945, 2000 WL 726791, at *1, internal citations omitted.
 {¶ 14} It is undisputed that Turner paid Kuczak only $500 of the $750 fixed fee, and that Turner still owed Kuczak $250 of that fixed fee at the time of trial. It is also undisputed that Turner requested Kuczak to file an appeal with this court from the criminal conviction, and that Turner had not compensated Kuczak for those legal services at the time of trial. Turner concedes that he must compensate Kuczak for the unpaid $250 of the $750 fixed fee and for the legal services Kuczak provided regarding the criminal appeal to this court. However, Turner contends that the criminal appeal did not involve novel or difficult issues, and that the true value of the services rendered was $1,000. Turner further contends that he did not request Kuczak to do any other work than to represent him in the criminal case and to file the criminal appeal.
 {¶ 15} Kuczak testified that Turner brought the first violation warning to his office, and they prepared a notice of appeal to the MBZA together. Kuczak testified that when they were unsuccessful with the MBZA after a hearing, Turner insisted he appeal it to the Montgomery County Court of Common Pleas because Kuczak told him "we've got to win every round of this thing or we cannot prevail in a civil rights suit" against the City of Miamisburg, which Turner wanted to file. Kuczak testified that after they appealed the MBZA's decision on the first violation warning to the Montgomery County Court of Common Pleas, Turner ran into his office with a second violation warning on the last day to file an appeal on the warning. Kuczak testified that Turner sat in his office while he drafted the notice of appeal to the MBZA on the second violation warning, and then Turner filed the notice of appeal himself. Kuczak testified that Turner insisted he continue to do the appellate work, because he wanted to file the civil rights suit against the City of Miamisburg. Kuczak testified that Turner was aware that he was doing work on the cases, because he sent him invoices on the work he was conducting. Kuczak testified that the consequence of not filing the appeals on the violation warnings and Turner not complying with the violation warnings was that Turner could be charged criminally again or put in jail.
 {¶ 16} Kuczak testified that Turner benefitted when he won the appeal in the criminal case, because he got to keep his tow truck on his property. Kuczak testified that Turner felt that the tow truck "was something that belonged in Harrah's Car Collections, and if he had to get rid of that, he was going to have to take a considerable beating on it." Kuczak testified that Turner benefitted when he won the appeal on the first violation warning in the Montgomery County Court of Common Pleas, because it effectively killed the second violation warning and Turner did not have to make any repairs on his property. Kuczak testified that Turner told him that it would cost him between $22,000 and $25,000 in repairs to satisfy the zoning inspector.
 {¶ 17} Kuczak also presented the expert testimony of Thomas Baggott, a local attorney who has been acquainted with Kuczak for twenty-five to thirty years. Baggott testified that the quality of Kuczak's legal representation of his clients is excellent and that "his reputation is that of a diligent lawyer who is intelligent and hard working, and gets good results." Baggott testified that Turner benefitted from Kuczak's representation by avoiding criminal prosecution, avoiding repair expenses to his property, and avoiding removal of his tow truck from his property. Regarding his expert opinion as to the reasonable value of Kuczak's services in this case, Baggott testified as follows:
 {¶ 18} "Q. Okay. Considering the work involved, the files you have in front of you, the amount of money that Mr. Kuczak should have been charging per hour, and the results that Mr. Kuczak got for this man; do you think ten thousand dollars for this work would have been too high a fee to have paid?
 {¶ 19} "A. On the basis of quantum meruit, no.
 {¶ 20} "Q. Do you have an opinion as to what the fee should have been?
 {¶ 21} "A. Based on hours?
 {¶ 22} "Q. Based on all of the aspects that go into a fee.
 {¶ 23} "A. Somewhere in the neighborhood of six to ten thousand dollars would not be unreasonable, I don't believe."
 {¶ 24} Baggott testified that there was a novelty or difficulty of the requests involved in the cases and that "Kuczak's defense in this, and in fact all these cases was unique, creative, and he was relentless." Baggott testified that Kuczak demonstrated a high level of skill.
 {¶ 25} Based on the above-quoted testimony, we cannot conclude that the fact finder clearly lost his way and created such a manifest miscarriage of justice that there must be a reversal of the judgment and a new trial ordered. Although Turner testified that he did not request Kuczak to do any other work than to represent him on the criminal case and to file the criminal appeal, Kuczak testified to the contrary, and we must presume that the findings of the trier of fact are correct, because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of witness testimony. See Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 81, 10 OBR 408, 461 N.E.2d 1273. After reviewing the entire record, we conclude that the judgment in favor of Kuczak, awarding him $7,500 as reasonable compensation for legal services rendered to Turner, is not against the manifest weight of the evidence.
 {¶ 26} Turner's sole assignment of error is overruled.
 III {¶ 27} Turner's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Grady, JJ., concur.